958 F.2d 370
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: WIRTH-STRAHLER & SON, INCORPORATED, Debtor-Appellant.
 No. 91-2222.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1992
Decided: March 27, 1992
 
 Before RUSSELL, and WILKINSON, Circuit Judges, and POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation.
 PER CURIAM:
 
 
 1
 ARGUED: O. M. Wilson, Baltimore, Maryland, for Appellant. Thomas Patrick Tinker, Executive Office For United States Trustees, Washington, D.C., for Appellee.
 
 
 2
 ON BRIEF: John E. Waites, United States Trustee, Edmund A. Goldberg, Office Of The United States Trustee, Baltimore, Maryland; Martha L. Davis, General Counsel, Executive Office For United States Trustees, Washington, D.C., for Appellee.
 
 
 3
 This appeal stems from the dismissal of appellant Wirth-Strahler & Son's second Chapter 11 petition by the bankruptcy court.
 
 
 4
 Appellant filed its first bankruptcy petition in 1985 after experiencing severe business problems beginning in the early 1980s. This case languished in the bankruptcy court for over five years before being ultimately dismissed on May 31, 1990, for failure to file a confirmable plan of reorganization. During the five years that case was pending, Wirth and the IRS, Wirth's largest creditor, engaged in extensive negotiations over how to handle Wirth's failure to remit several hundred thousand dollars in taxes which had been withheld from Wirth's employees' paychecks. Instead of making the payments to the IRS, Wirth had used the withheld funds to operate the business. After the dismissal of the first petition, the IRS apparently moved to seize Wirth's assets. To avoid this, Wirth filed this second Chapter 11 petition on January 10, 1991. After a hearing, the bankruptcy court granted the trustee's motion to dismiss on April 1, 1991. In deciding to dismiss the case, the bankruptcy court noted that Wirth was still adding to the huge liability it owed to the IRS by raiding withheld funds in order to cover ordinary business expenses. The court saw no indication of any prospect for improved performance.
 
 
 5
 This court declines to entertain this appeal due to appellant's failure to file a timely notice of appeal of the bankruptcy court's ruling. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires that a notice of appeal be filed within ten days of the entry of the bankruptcy court's order. If the party files in timely fashion a motion for amended or additional findings of fact, for a new trial, or for alteration or amendment of the judgment, the time for filing the notice of appeal runs from the date of the entry of the order relative to those motions. Fed. R. Bank. P. 8002(b). In determining whether these motions were made in a timely manner, the bankruptcy rules incorporate the time limitations of the Federal Rules of Civil Procedure for these motions, Fed. R. Bank. P. 7052, 9023, and the time limits extend ten days for each. Fed. R. Civ. P. 52(b), 59(b). According to the bankruptcy rules, the calculation of the ten day period includes intervening Saturdays, Sundays, and holidays. Fed. R. Bank. P. 9006(a). In this case, Wirth filed a "motion for reconsideration" with the bankruptcy court on April 12, 1991, eleven days after the entry of the bankruptcy court's order of dismissal. Even if we take this motion to be one within the meaning of Rule 8002(b), the motion was not timely, so the notice of appeal to the district court which was not filed until after the motion for reconsideration was resolved was also not timely. This appeal is therefore
 
 
 6
 DISMISSED.